

**U.S. Department of Justice**

*Scott C. Blader*
*United States Attorney*
*Western District of Wisconsin*

*Telephone 608/264-5158*
*TTY 608/264-5006*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264-5054*

*Address:*
*222 West Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

June 1, 2018

Attorney Joseph Bugni
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin Street, Suite 1000
Madison, WI 53703

   Re: *United States v. Mark E. Bartz*
     Case No. 18-cr-00029-wmc

Dear Attorney Bugni:

   This is the proposed plea agreement between the defendant and the United States in this case.

   1.  The defendant agrees to plead guilty to Counts 1 and 2 of the indictment in this case. Each count charges a violation of Title 18, United States Code, Section 2251(a), which carries mandatory minimum penalties of fifteen years in prison and five years of supervised release, and maximum penalties of 30 years in prison, a $250,000 fine, a period of supervised release of life, a $100 special assessment, a mandatory $5,000 special assessment unless the defendant is found indigent, and the entry of an appropriate restitution order. If the defendant has one prior conviction as described in 18 U.S.C. § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 25 years in prison and a maximum penalty of 50 years in prison; if the defendant has two prior convictions as described in § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 35 years in prison and a maximum penalty of life in prison. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

   2.  The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial

June 1, 2018
Page 2

and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3.      The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4.      The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

5.      The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before June 13, 2018.

6.      The defendant understands that restitution in this case is governed by 18 U.S.C. § 2259. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that

June 1, 2018
Page 3

immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

7.    The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the Probation Office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 5 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and efforts to make the agreed-upon immediate restitution payments.

8.    The defendant agrees not to file a claim to any property in any civil, administrative, or judicial proceeding, which has already been initiated or which may be initiated in the future, including the forfeiture of any electronic device seized by the FBI on January 25, 2018. The defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. The defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

9.    The defendant agrees that he is the sole owner of the property referenced in paragraph 8 above and agrees to hold the United States, its agents, and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

10.    The defendant agrees to consent to the order of forfeiture for the listed property and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

11.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

June 1, 2018
Page 4

12.     The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct.

13.     In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

14.     In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

15.     The defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

16.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me.  By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

17.     By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

SCOTT C. BLADER
United States Attorney

By:

ELIZABETH ALTMAN
Assistant United States Attorney

6/15/18
Date

June 1, 2018
Page 5


JOSEPH A. BUGNI                          6/15/18
Attorney for the Defendant               Date


MARK E. BARTZ                            6/15/18
Defendant                                Date


Enclosure