UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

       Plaintiff,

 -vs-                            Case No. 18-CR-29-WMC

MARK E. BARTZ,                 Madison, Wisconsin
                              July 3, 2018
        Defendant.        11:07 a.m.

_____

STENOGRAPHIC TRANSCRIPT OF PLEA HEARING
HELD BEFORE U.S. DISTRICT JUDGE WILLIAM M. CONLEY

APPEARANCES:
For the Plaintiff:
                Office of the United States Attorney
                BY:  ELIZABETH ALTMAN
                Assistant United States Attorney
                222 West Washington Avenue, Suite 700
                Madison, Wisconsin  53703

                U.S. Department of Justice
                Criminal Division
                Child Exploitation and Obscenity Section
                BY:  JESSICA L. URBAN
                1400 New York Avenue NW
                Washington, D.C.  20005

For the Defendant:
                Federal Defender Services of Wisconsin
                BY:  JOSEPH A. BUGNI
                22 East Mifflin Street, Suite 1000
                Madison, Wisconsin  53703

Also appearing:  MARK E. BARTZ, Defendant
                RICHARD WILLIAMS, U.S. Probation Officer

Jennifer L. Dobbratz, RMR, CRR, CRC
U.S. District Court Federal Reporter
United States District Court
120 North Henry Street, Rm. 410
Madison, Wisconsin  53703
(608) 261-5709

1          (Proceedings called to order at 11:07 a.m.)

2          THE CLERK:  Case No. 18-CR-29-WMC, *United States of*

3    *America v. Mark E. Bartz*, called for a plea hearing.

4       May we have the appearances, please.

5          MS. ALTMAN:  Good morning, Your Honor.  The United

6    States appears by Elizabeth Altman and Jessica Urban from the

7    Child Exploitation and Obscenity Section of main Justice.

8          MS. URBAN:  Good morning.

9          MR. BUGNI:  Good morning, Your Honor.  Joe Bugni

10   appearing on behalf of Mark Bartz.

11         THE COURT:  Good morning, all.  We are here for a plea

12   hearing based on a written plea agreement signed by the

13   defendant on June 15th.

14      I'll begin with you, Mr. Bugni, to confirm that the

15   defendant and you have received a copy of the indictment and to

16   ask whether you wish it to be read aloud or waive reading.

17         MR. BUGNI:  We've received it, and we would waive

18   reading.

19         THE COURT:  Very good.

20      Then, Ms. Altman, if you would be good enough to state the

21   maximum and any applicable minimum penalties to which Mr. Bartz

22   would be subject if found guilty.

23         MS. ALTMAN:  Yes, Your Honor.  The defendant will be

24   pleading guilty to Counts 1 and 2 of the indictment.  Each count

25   charges a violation of Title 18, United States Code, Section

1    2251(a), which carries mandatory minimum penalties of 15 years

2    in prison and five years of supervised release and maximum

3    penalties of 30 years in prison, a $250,000 fine, a period of

4    supervised release for life, a $100 special assessment, a second

5    and distinct $5,000 special assessment unless he's indigent, and

6    he can be ordered to pay restitution.

7            THE COURT:  All right.  And have -- are any of the

8    victims present, and if so, did they wish to speak?

9            MS. ALTMAN:  They're not present at this hearing, Your

10   Honor.

11           THE COURT:  All right.  And what about anyone

12   representing the victims?

13           MS. ALTMAN:  Not at this hearing, Your Honor.  We did

14   discuss the plea agreement prior to offering it, and they were

15   made aware of the date.

16           THE COURT:  Very good.  Thank you.  And obviously they

17   can be heard or submit statements before sentencing.

18           MS. ALTMAN:  I would anticipate that.

19           THE COURT:  Then, Mr. Bugni, I'll turn to you just to

20   confirm that you've had a chance to talk with your client about

21   the possible penalties just reviewed as well as the charges

22   against him and any possible defenses that he may have to those

23   charges.

24           MR. BUGNI:  I have, Your Honor.

25           THE COURT:  All right.  And as far as you're aware,

1    there are no prior convictions that would qualify under Section

2    2251(e) of Title 18?

3              MR. BUGNI:  That's correct, Your Honor.

4              THE COURT:  And that's true for the government as well?

5              MS. ALTMAN:  We are not aware of any, Your Honor.

6              THE COURT:  All right.

7         Then, Mr. Bartz, it's my understanding that you do wish to

8    enter a plea today; is that correct?

9              THE DEFENDANT:  Correct.

10             THE COURT:  Before doing so, the purpose of this

11   hearing is to ensure that you're acting freely and voluntarily

12   with an understanding of the charges against you as well as the

13   consequences of a plea of guilty and to also assure that there's

14   a factual basis for your plea.  To do that, I'll need to ask you

15   a series of questions under oath, so I would ask you to stand at

16   this time, raise your right hand, and be sworn by the clerk.

17                  **MARK E. BARTZ, DEFENDANT, SWORN**

18             THE COURT:  You may be seated.

19        My first questions just go to assure that you're capable

20   and ready to proceed today.  Can you tell me how old you are and

21   how far you progressed in terms of formal education?

22             THE DEFENDANT:  48 years old.  I've had some college.

23             THE COURT:  All right.  Where did you go to high

24   school?

25             THE DEFENDANT:  Deerfield High School.

1          THE COURT:  And you received your high school diploma?

2          THE DEFENDANT:  Yes.

3          THE COURT:  And then you said some college.  Where did

4    you do that?

5          THE DEFENDANT:  I went to MATC here in town.

6          THE COURT:  All right.  And how long did you study

7    there?

8          THE DEFENDANT:  Almost a year and a half.

9          THE COURT:  And were you studying towards any specific

10   degree?

11         THE DEFENDANT:  Maintenance, industrial maintenance.

12         THE COURT:  Understood.  Is there any reason why you

13   would have trouble understanding today's proceedings -- I should

14   say the proceedings today, in particular whether because of an

15   illness, because you're overly tired, you're on a medication,

16   you're suffering from the influences of drugs or alcohol or the

17   withdrawal of them, any reason at all that you would have

18   trouble understanding the proceedings today?

19         THE DEFENDANT:  No.

20         THE COURT:  And have you had sufficient time to talk

21   with your counsel, Mr. Bugni, about the nature of the charges

22   against you, the facts the government believes it could prove,

23   the federal sentencing guidelines and how those guidelines could

24   impact your sentence?

25         THE DEFENDANT:  Yes, I have.

1          THE COURT:  All right.  Then to begin, could you just

2    tell me what you understand you're being charged with doing in

3    Counts 1 and 2 of the indictment?

4          THE DEFENDANT:  Creating child porn.

5          THE COURT:  And essentially that's right.  You

6    understand that Count 1 involves a minor who's described as

7    minor A and that on or about July 3rd, 2017, you're charged with

8    knowingly and intentionally using minor A to engage in sexually

9    explicit conduct for the purpose of producing a video, in

10   particular, that you produced an image with a file name

11   including the number 41973 of minor A engaging in sexually

12   explicit conduct.  You understand that's the charge in Count 1?

13         THE DEFENDANT:  Yes.

14         THE COURT:  And in Count 2 you're charged with engaging

15   in essentially the same conduct with a minor identified as minor

16   B and specifically creating an image of minor B engaged in

17   sexually explicit conduct with a file name beginning with 41979.

18   You understand that's the charge against you in Count 2?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And do you also understand that if I were

21   to accept your pleas of guilty to those two counts today, that

22   you could be subject to penalties up to and including a minimum

23   of 15 years?  That is, the minimum sentence that I am allowed by

24   law to enter is 15 years and a maximum of 60 years in prison, if

25   we added the two 30-year maximums as a consecutive sentence,

1      plus a five-year period of supervised release and a $500,000

2      fine.

3              THE DEFENDANT:  Yes.

4              THE COURT:  All right.  The plea agreement notes the

5      possibility, although neither side believes it applies, but I

6      want to make sure you understand if, during the course of

7      investigation by the probation office, it were to be disclosed

8      that you were convicted of one prior conviction of a similar

9      kind to that being charged here, that you could be subject to a

10     minimum of 25 years up to a hundred years, combining the 50-year

11     stacks, or if there were two such violations discovered -- I

12     should say convictions discovered, you could be subject to a

13     minimum mandatory sentence of 35 years up to life imprisonment.

14     Do you understand that as well?

15             THE DEFENDANT:  Yes.

16             THE COURT:  All right.  In addition, if I were to

17     impose any period of supervised release and you violated the

18     terms and conditions of such a release, do you understand that

19     you could be subject to additional penalties up to and including

20     additional time in prison?

21             THE DEFENDANT:  Yes.

22             THE COURT:  As for the federal sentencing guidelines,

23     those are first calculated by the probation office.  They'll

24     look at the number of points attributable to these two crimes as

25     well as related conduct, which would simply -- which certainly

1    would include the number of images that may be involved in

2    total; the fact that you've accepted responsibility, assuming

3    there's no reason to deny you credit for that; your role

4    otherwise in this offense; your criminal record, if any; and any

5    other factor that the probation office deems relevant.

6        That office will then issue a presentence report that you

7    and your counsel and the government's counsel can object to.

8    I'll rule on those objections, and then I will make a

9    determination what the guideline range is for purposes of

10   sentencing.

11       Do you understand that will be the basic process?

12           THE DEFENDANT:  Yes.

13           THE COURT:  While that will be the process, do you also

14   understand I am not bound to sentence you within the guideline

15   range but could give you a lower sentence down to the mandatory

16   minimum we've discussed or a higher sentence up to the

17   consecutive applications of 60 years in prison or higher if

18   those other provisions applied?

19           THE DEFENDANT:  Yes.

20           THE COURT:  All right.  You are waiving a number of

21   valuable constitutional rights by pleading guilty today.

22   They're set forth at paragraph 2 of your written plea agreement,

23   and I'm confident that you and Mr. Bugni would have reviewed

24   them already, but I am going to review the fundamental rights

25   that you're waiving by virtue of proceeding today with a guilty

1    plea beginning with the most fundamental right, which is your

2    right to have your -- a jury decide whether you are guilty or

3    not guilty during a trial.  Do you have a general understanding

4    as to what a jury trial would have involved?

5               THE DEFENDANT:  Yes.

6               THE COURT:  Just describe your own general

7    understanding.

8               THE DEFENDANT:  12 members of my own peers determining

9    whether I'm guilty or innocent beyond a reasonable doubt.

10              THE COURT:  And except for the placement of the "beyond

11   a reasonable doubt" phrase, that's essentially right.  The

12   burden would be on the government to prove your guilt beyond a

13   reasonable doubt.  If there were any reasonable doubt, then the

14   jury would be charged to declare you not guilty.

15        As you said, the jury would consist of 12 people.  They

16   would be chosen from a larger group of people who voted in the

17   last presidential election in this district, the western

18   two-thirds of the state of Wisconsin by geography roughly.  You

19   and your counsel as well as the government's counsel would

20   participate with me in selecting the jury from that larger

21   group.

22        Once those 12 are seated, it would be completely the

23   government's burden to prove your guilt beyond a reasonable

24   doubt.  You could challenge their proof by cross-examination

25   through your counsel or otherwise under the rules of evidence,

1    and if you chose to, you could put on your own case.  You could

2    subpoena witnesses to testify as well as present other evidence,

3    again through your counsel.

4          Once all the evidence is submitted, as you said, it is up

5    to the jury to decide whether the government had met its burden

6    of proof, and only if all 12 of the individuals in the jury in

7    private agree that the proof has been made by the government

8    beyond a reasonable doubt could you be adjudged guilty by this

9    court.

10         Do you understand that's the right you waive when you waive

11   the right to a jury trial?

12              THE DEFENDANT:  Yes.

13              THE COURT:  All right.  You have an absolute right to

14   plead not guilty.  By pleading guilty today, do you understand

15   that you're waiving this right against self-incrimination as

16   well as the right to require the government to prove each and

17   every element of the charges against you?

18              THE DEFENDANT:  Yes.

19              THE COURT:  You are pleading guilty to a felony

20   offense, and as such, do you understand that you may be deprived

21   of valuable civil rights going forward, including the right to

22   vote, the right to hold public office, the right to serve on a

23   jury yourself, and the right to possess any kind of firearm into

24   the future?

25              THE DEFENDANT:  Yes.

1          THE COURT:  Finally, do you understand that you have a

2     right to court-appointed counsel throughout these proceedings,

3     whether you plead not guilty and go forward to trial or plead

4     guilty and go forward to sentencing?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Then at this time I'm going to ask the

7     Assistant U.S. Attorney to summarize the basic terms of your

8     written plea agreement.  I would ask you to listen closely to

9     the summary because at the end of it I'll ask you if it is

10    consistent with your understanding of the written plea agreement

11    that you have entered into with the government.

12         You may proceed.

13         MS. ALTMAN:  Thank you, Your Honor.

14         The defendant understands that if he is not a United States

15    citizen, he may be removed from the United States upon

16    conviction.  He nevertheless affirms that he wants to plead

17    guilty regardless of any immigration or removal consequences.

18         The United States agrees this guilty plea will completely

19    resolve all possible federal criminal violations that have

20    occurred in the Western District of Wisconsin provided that the

21    criminal conduct relates to the conduct described in the

22    indictment and it was known to the United States as of the date

23    of this plea agreement.  This agreement not to prosecute is

24    limited to those types of cases for which the U.S. Attorney's

25    Office has exclusive decisionmaking authority.  The defendant

1    understands that the United States will make its full discovery

2    file available to the probation office for its use in preparing

3    the presentence report, and the United States agrees to move to

4    dismiss the remaining count of the indictment at the time of

5    sentencing.

6         The United States agrees to recommend that the Court give

7    the defendant the maximum available reduction for acceptance of

8    responsibility.  This recommendation is based upon facts

9    currently known to the United States and is contingent upon the

10   defendant accepting responsibility according to the factors set

11   forth in the guidelines.  Further, this agreement to recommend a

12   reduction for acceptance is based on the defendant's providing a

13   full and truthful accounting in the required financial statement

14   and his efforts to make the agreed-upon restitution payments.

15   The United States is free to withdraw this recommendation if the

16   defendant has previously engaged in conduct unknown to the

17   United States that is inconsistent with acceptance or if he

18   engages in any conduct between today's date and the sentencing

19   hearing that is inconsistent with acceptance.

20        The defendant understands that restitution is governed by

21   statute.  The exact restitution figure will be agreed upon by

22   the parties prior to sentencing or we will ask the Court to

23   determine a specific amount at sentencing.  The defendant agrees

24   that the full amount of restitution is due and payable

25   immediately and acknowledges that that means payment in good

1    faith from the liquidation of all nonexempt assets.

2         The defendant agrees to complete a financial statement and

3    return it to the U.S. Attorney's Office within one week of

4    today's hearing.  He agrees this financial statement will be a

5    full and truthful accounting and will include all available

6    supporting documentation.  He also authorizes the U.S.

7    Attorney's Office to run his credit report and agrees that the

8    probation office may disclose to the United States the net worth

9    and cash flow statements he completes in connection with the

10   preparation of the presentence report together with all the

11   supporting documentation.  Additionally, he understands, as set

12   forth in paragraph 5 of this plea agreement, that the United

13   States' agreement to recommend a reduction for acceptance will

14   be based in part upon his full and truthful accounting and his

15   efforts to make the agreed-upon restitution payments.

16        Paragraphs 8, 9, 10, 11, and 12 deal with the forfeiture of

17   particular assets in this case.  Essentially, the defendant

18   agrees not to file a claim to any property in any civil,

19   administrative, or judicial proceeding regarding the forfeiture

20   of electronic devices seized by the FBI on January 25th of 2018.

21   He gives up all of his rights to that property, and he waives

22   notice for any further hearing regarding the forfeiture of those

23   items.  In the event that any federal, state, or local law

24   enforcement agency having custody of the property decides not to

25   pursue the forfeiture due to its minimal value, the defendant

1    abandons his interest in the property and consents to its

2    destruction or any other disposition of the property without

3    further notice or obligation.

4         In the event of an appeal by either party, the United

5    States reserves the right to make arguments in support of or in

6    opposition to the sentence imposed by the Court.  The defendant

7    understands that sentencing discussions are not part of the plea

8    agreement and that he should not rely upon the possibility of

9    any particular sentence based upon discussions between his

10   counsel and the United States.

11        By his signature on this plea agreement, he acknowledges

12   his understanding that the United States has made no promises or

13   guarantees regarding the sentence which will be imposed.  He

14   acknowledges his understanding that the Court is not required to

15   accept any recommendations made by the United States.  He

16   acknowledges his understanding that the Court can impose any

17   sentence up to and including the maximum penalties set out in

18   paragraph 1 of this plea agreement, and he also acknowledges

19   that this is the only plea agreement in this case.

20        THE COURT:  Mr. Bugni, is the summary just provided by

21   the Assistant U.S. Attorney consistent with your understanding

22   of the written terms of the plea agreement that will control in

23   this case?

24        MR. BUGNI:  It is, Your Honor.

25        THE COURT:  And, Mr. Bartz, is it also consistent with

```
1    your understanding?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Has anyone made you any other promise other

4    than contained in the written plea agreement in order to get you

5    to plead guilty today?

6              THE DEFENDANT:  No.

7              THE COURT:  Has anyone threatened or forced you to

8    plead guilty?

9              THE DEFENDANT:  No.

10             THE COURT:  Has anyone told you that by pleading guilty

11   today you're going to get a particular, a specific, sentence

12   from this court?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And that's a phrase that always seems to

15   trip up defendants.  I've tried to ask it in different ways.

16   You understand as I sit here today, I have no idea --

17             THE DEFENDANT:  Oh.

18             THE COURT:  -- what your sentence will be.

19             THE DEFENDANT:  Right.

20             THE COURT:  Has anyone told you that by pleading guilty

21   today you're going to get a specific sentence from this court?

22             THE DEFENDANT:  No.

23             THE COURT:  And as you sit here today, do you have

24   reason to believe that you know what sentence it is you're going

25   to get?
```

1          THE DEFENDANT:  No, I don't know.

2          THE COURT:  And nor do I at this point.

3     And, finally, do you understand that you are not free to

4     withdraw your plea of guilty even if I ultimately determine not

5     to follow any recommendation the government has said it would

6     make at sentencing?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Then at this time I'm going to ask the

9     government's counsel to summarize the basic facts that the

10    government believes it could prove had this matter gone forward

11    to trial.  I would again ask you to listen closely because at

12    the end of that summary I'll ask you if there's anything you

13    believe the government could not prove.

14    Ms. Altman, I don't know who will be providing the summary,

15    but if you would proceed.

16         MS. ALTMAN:  Yes, Your Honor.  Thank you.

17    Had this case gone to trial, there would have been

18    testimony that in September of 2017, the FBI received a cyber

19    tip from the National Center for Missing and Exploited Children,

20    also called NCMEC, from the owner of a website referred to in

21    this investigation as site A.  The tip was regarding a group of

22    people uploading explicit images to a private space on site A.

23    The owner of this site identified approximately 36 members of

24    this group and provided logs and subscriber information to

25    NCMEC, who provided it to the FBI.

1          FBI Special Agent Jason Pleming would have testified that

2    he reviewed the logs of the uploads and determined that someone

3    with the email address of mebartz49@gmail.com uploaded

4    approximately 18 images into the group.  He also determined that

5    the same user uploaded approximately 57 files, many of which

6    were child pornography, into another private group on site A.

7    Through various subpoenas and other investigations, Special

8    Agent Pleming determined the defendant was the person posting

9    images into the groups and was able to identify the children

10   depicted in these images, initially identified them through

11   Facebook.

12          There would have been testimony that one of the images that

13   Bartz posted depicted a female born in 2015.  This picture's

14   file name included a number beginning with 41973 and was a

15   close-up image of the child's vagina.  This photograph included

16   metadata that showed the picture was taken with a ZTE phone on

17   July 3rd of 2017.

18          There would have also been testimony that a second image

19   that Bartz posted depicted a boy who was born in 2017.  This

20   picture's file name included a number beginning with 41979 and

21   was a picture of the boy naked from the waist down with the

22   focal point of the child's penis.  This photograph included

23   metadata that showed the picture was taken with a ZTE phone on

24   June 26th of 2017.

25          Ultimately, search warrants were executed at the

1      defendant's home and also at the home where officers believed

2      the pictures had been taken.  In the home where the pictures had

3      been taken, which was in Spencer, Wisconsin, officers found

4      background items that were also seen in the pictures, confirming

5      that's where the pictures were taken.

6          As part of the execution of the search warrants, the

7      defendant was interviewed.  He was shown sanitized versions of

8      each of these images and admitted to taking them while he was

9      babysitting the children.  He also admitted posting the pictures

10     on websites but did not specifically recall site A.

11         We would ask the Court to take judicial notice that Spencer

12     is in the Western District of Wisconsin.

13             THE COURT:  All right.  Mr. Bugni, from what you know

14     about the record in this case, is there anything that has just

15     been recited by the U.S. Attorney that you believe the

16     government could not prove at trial?

17             MR. BUGNI:  No, Your Honor.

18             THE COURT:  Mr. Bartz, is there anything that you

19     believe the government could not prove?

20             THE DEFENDANT:  No.

21             THE COURT:  Then I would ask you to tell me in your own

22     words what it is that you did, what it is that you're proposing

23     to plead guilty to.

24             THE DEFENDANT:  I took pictures of my niece's kids.

25             THE COURT:  And it's accurate to say that the pictures

1    that you took depicted a minor child 2 years of age or younger

2    as to the minor identified as minor A.

3            THE DEFENDANT:  Yes.

4            THE COURT:  And that those pictures depicted sexually

5    explicit conduct with minor A.

6            THE DEFENDANT:  Yes.

7            THE COURT:  And among those specifically that you

8    knowingly and intentionally created was a sexually explicit

9    picture number beginning with the file name 41973; is that

10   correct?

11           THE DEFENDANT:  Yes.

12           THE COURT:  And as to Count 2, is it accurate that you

13   engaged in similar conduct with a minor B, who was essentially

14   an infant?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And that you in particular took a picture

17   of minor B engaged in sexually explicit conduct that has been

18   given -- that was given a file name beginning with the number

19   41979.

20           THE DEFENDANT:  Yes.

21           THE COURT:  Any further allocution that the government

22   believes is required before I ask for a plea?

23           MS. ALTMAN:  No, Your Honor.

24           THE COURT:  Mr. Bugni, is there any reason why I

25   shouldn't ask for a plea from your client at this time?

1          MR. BUGNI:  There isn't, Your Honor.

2          THE COURT:  All right.  Then, Mr. Bartz, I will ask you

3     formally, how do you plead to Count 1 of the indictment?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  And how do you plead to Count 2 of the

6     indictment?

7          THE DEFENDANT:  Guilty.

8          THE COURT:  Based on my discussion with you and your

9     attorney today as well as the record in the case as a whole, I

10    am satisfied that you have entered guilty pleas knowingly and

11    voluntarily after an adequate opportunity to consult with your

12    attorney and with an understanding of both the charges against

13    you and the consequences of pleas of guilty.  I am also

14    satisfied that there is a factual basis for both of your pleas.

15    Accordingly, I find and adjudge you guilty of Counts 1 and 2 of

16    the indictment, and I accept the plea agreement conditionally

17    pending review of the presentence report.

18         That report will be due, I understand by stipulation of

19    counsel, August 28th with objections due September 18 and

20    sentencing to proceed on October 4th at 1:00 p.m.  Since that

21    appears to provide the 35-day disclosure requirement or account

22    for it, I'm not sure there's any further input that the defense

23    would want to have, but I'll hear from you if you want an

24    earlier date.

25         MR. BUGNI:  No, Your Honor.

1          THE COURT:  All right.  And I take it from what I've

2     been told that this is also acceptable to the government?

3          MS. ALTMAN:  Yes, Your Honor.

4          THE COURT:  And, perhaps as important, will work for

5     the probation office?

6          AGENT WILLIAMS:  It will, Your Honor.  Thank you.

7          THE COURT:  All right.  Then just to confirm, the

8     presentence report will be due August 28th, objections due

9     September 18, and sentencing will proceed at 1:00 p.m. on

10    October 4th, 2018.

11       Is there anything more for the government at this time?

12         MS. ALTMAN:  Not at this time, Your Honor.  Thank you.

13         THE COURT:  Anything more for the defendant?

14         MR. BUGNI:  No, Your Honor.

15         THE COURT:  Mr. Bartz, I'm sure that Mr. Bugni, who is

16    an excellent counsel, will review with you the process for

17    sentencing.  I do take very seriously what I learn in the

18    presentence report, and you'll have an opportunity to talk to

19    the individual, Probation Officer Williams, who will be

20    preparing that report, unless you're sitting in that chair for

21    someone else.

22         AGENT WILLIAMS:  It will be mine, Your Honor.

23         THE COURT:  He will arrange a time to meet with you and

24    your counsel if it's decided.  You should follow your counsel's

25    advice as to the level of your cooperation, but understand the

1    importance of that document.

2         In addition, I'm happy to consider anything else that's

3    provided to me as long as it's given to me at least two days

4    before sentencing, and you should work with Mr. Bugni in that

5    regard as well, and I'll see you at sentencing on October 4th.

6              THE CLERK:  This court stands in recess.

7         (Proceedings concluded at 11:34 a.m.)

8                              ***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        I, JENNIFER L. DOBBRATZ, Certified Realtime and Merit

2   Reporter in and for the State of Wisconsin, certify that the

3   foregoing is a true and accurate record of the proceedings held

4   on the 3rd day of July, 2018, before the Honorable

5   William M. Conley, U.S. District Judge for the Western District

6   of Wisconsin, in my presence and reduced to writing in

7   accordance with my stenographic notes made at said time and

8   place.

9        Dated this 16th day of October, 2018.

10

11

12

13

14

15                              _____/s/ Jennifer L. Dobbratz_____

16                              Jennifer L. Dobbratz, RMR, CRR, CRC
                                      Federal Court Reporter
17

18

19

20

21

22

23

24   The foregoing certification of this transcript does not apply to
     any reproduction of the same by any means unless under the
25   direct control and/or direction of the certifying reporter.